Nott, J.
I concur with the presiding judge in this case that the doctrine of implied warranty arises as well from a'contract of hire as' on the sale of a slave. And that it must be applied in the one case precisely as in the other. On this-subject we cannot derive the same assistance from the English decisions as in móst other cases; because the English judges do not recognize that principle of the civil law to the . extent that we do, that a warrant}' of soundness is to be i n-plied from the price paid for property. It is only where there is actual fraud or an express warranty that the vendor is. there held liable.
In policies of'insurance, however, even the English judges have adopted the civil law rule. Every person offering a vessel for insurance is considered as warranting the soundness or sea-worthyness of the vessel, without any express stipulation to that effect. But it is not' therefore understood that every spar, rope and bolt is perfectly sound. The en-quiry always is,, whether taken in the aggregate the vessel is able to sustain the ordinary perils of the sea. The same rule must apply to the sale of property where the principle of implied Warranty is admitted. If a person should sell a flock of sheep or á drove of horses the law would not imply a warranty that every member of the flock or drove was sound. But that taken in the aggregate they answered the description that was given of them. The same rule will apply to a gang of negroes. The extent of the warranty implied is, that as a body they are ordinarily good and have not been picked and culled for the purpose of deception.
Let us now apply, the rule to the case under consideration. An executor has set up the negroes of an estate for hire at public out-cry. The defendant bid off six of them at four hundred and thirty dollars. There was no stipulated price with regard'to any particular one of the number. There does not appear to have been any particular representation of" *517 the qualities of any one ofthcm. If therefore one of the gang bad been entirely worthless, if the other five were worth the money given, the defendant would not have been entitled to any deduction. The implication of warranty arises from ■the hire. And where a gross sum is paid, the warranty is considered as applying to the whole gang and not to any particular member of it. The rule therefore adopted in this case •is not only an entirely mistaken view of the.principle, but if carried to the extent to which it is susceptible, would be subversive ofthe principle itself.
There was no evidence in this case that the negro in question was represented as a carpenter. “That'presumption” (says the presidingjudge,) “ arose from the acts of defendant who brought Cavannah to his mill and put him to work as a carpenter, immediately while he sent the other negroes to work in the field at a considerable distance.” A deduction was therefore made, which amounted to something more than the average price of all the negroes.
Now suppose all the other negroes had been employed in some particular trade-or occupation, and had been found unqualified. . It would have furnished the same presumption that they were thus recommended and would have entitled the defendant to a similar deduction. The consequence would have been, he would have paid off his note and brought the plaintiff somewhat in debt after having had a year’s service of the negroes.
But if it had been proved that Cavannah was represented as a carpenter the presumption would be that his services had been estimated in the contract as equal to the average price of the other negroes which was actually less than the jury have now allowed. It therefore furnished no ground for a deduction.
But we have never suffered a warranty to be implied in any case of any thing more than soundness and title; to make a vendor further liable there must be either fraud or an express warranty. There was no express warranty in this case *518 bat Cavannah was a carpenter and it ought not to have bee® mplied.
Patterson for the motion.
Martin contra.
A new trial must therefore be granted.